UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
PHILIP HARRIS,

                      Plaintiff,

                                                                          ANSWER
     -against-

                                                         07 CIV. 7027

ORANGE REGIONAL MEDICAL CENTER,

                      Defendant.
------------------------------------------X

      Defendant, ORANGE REGIONAL MEDICAL CENTER, by its attorneys, TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC, answering the complaint of the plaintiff alleges as follows:

### AS TO "INTRODUCTION"

      FIRST:  Admits plaintiff PHILIP HARRIS, by and through his attorneys, Sussman & Watkins, plaintiff Philip Harris brings this action to redress the alleged violation of his civil rights, and for false imprisonment and personal injuries caused by defendant and denies defendant ORANGE REGIONAL MEDICAL CENTER, violated plaintiff's civil rights, falsely imprisoned plaintiff or caused plaintiff to sustain personal injuries.

### AS TO "PARTIES"

      SECOND:  Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "2".

### AS TO "JURISDICTION"

      THIRD:  Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation

contained in the paragraphs of the complaint numbered "4" and "5" and respectfully refers all questions of law to the trial court and questions of fact to trier of fact.

## FACTUAL AVERMENTS

FOURTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the complaint numbered "6," "10," "11," "12," "13," "14," "15" and "24".

FIFTH: Denies each and every allegation contained in the paragraph of the complaint numbered "7" and asserts that the incident underlying this action occurred on May 31, 2007 after plaintiff presented to the Arden Hill emergency department complaining of, among other things, stress, inability to cope, anxiousness, nervousness and an inability to sleep.

SIXTH: Denies each and every allegation contained in the paragraph of the complaint numbered "9" and asserts that after plaintiff was seen in triage he was brought to the "Access Center," which is part of the behavioral health unit.

SEVENTH: Denies each and every allegation contained in the paragraphs of the complaint numbered "8," "17," "18," "19," "25," "27," "28," "31," and "32".

EIGHTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "16," except admits that a "code gray" was called.

NINTH:  Denies plaintiff was the subject of an assault and further denies defendant's actions were unprovoked.  Defendant denies any knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the paragraph of the complaint numbered "20".

TENTH:  Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "21," except admits plaintiff was seen at the Arden Hill Campus the day after the alleged incident on June 1, 2007.

ELEVENTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "22," except specifically denies treatment received by plaintiff was excessive.

TWELFTH:  Admits the defendant told plaintiff it would reimburse him for his allegedly broken watch and glasses in an attempt to promote customer/patient relations but denies any wrongdoing in connection with its treatment of plaintiff.  Defendant further denies any knowledge or information sufficient to form a belief as to the truth of or falsity of the remaining allegations contained in paragraph of the complaint numbered "23".

THIRTEENTH:  Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "26" as to whether plaintiff continued to receive medical treatment and denies

the balance of the allegations contained in paragraph "26" of the complaint.

FOURTEENTH:  Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "29," except denies any acts of its agents were wrongful.

FIFTEENTH:  Admits ORMC receives federal funding.

## AS TO "CAUSES OF ACTION"

SIXTEENTH:  Repeats and realleges each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "32", inclusive, as realleged in paragraph "33", with the same force and effect as though more fully set forth at length herein.

SEVENTEENTH:  Denies each and every allegation contained in the paragraphs of the complaint numbered "34" and "35".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

EIGHTEENTH:  The injuries and/or damages alleged to have been sustained by plaintiff were caused in whole or partly by the culpable conduct of the plaintiff, PHILIP HARRIS.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

NINTEENTH:  The answering defendant hereby invokes the provisions of CPLR Article 16 and requests that the jury herein be charged accordingly.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTIETH:  The allegations set forth within the complaint fail to state a cause of action.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

TWENTY-FIRST:  Plaintiff failed to mitigate his damages.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

TWENTY-SECOND:  That if plaintiff, PHILIP HARRIS, sustained any injuries and/or damages at the time and place and in the manner alleged in the complaint, the plaintiff assumed the risks inherent in the activity in which the plaintiff was then engaged.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

TWENTY-THIRD:  Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care of rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in §4545(c) of the New York Civil Practice Law and Rules.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

TWENTY-FOURTH:  Plaintiff's complaint, to the extent it seeks exemplary or punitive damages, violates defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of New York and, therefore, fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

TWENTY-FIFTH:  Defendant did not discriminate against the plaintiff and the defendant's actions towards the plaintiff were not motivated, in whole or in part, by his race.  Defendant's actions

were legitimate, justified, non-discriminatory and were undertaken in good faith.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH: Defendant's actions were, at all relevant times, reasonable, justified and warranted under the circumstances.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: Plaintiff fails to state a cause of action under 42 U.S.C. §2000(d) insofar as plaintiff's complaint fails to allege that plaintiff was an entitled beneficiary of a program or activity receiving Federal financial aid or funding.

WHEREFORE, defendant, ORANGE REGIONAL MEDICAL CENTER, demands judgment:

1. dismissing the complaint;

2. indemnifying this answering party and/or apportioning the liability between plaintiff, this answering party and all other parties to this action, and any person or entity otherwise responsible under Article 16 of the CPLR for the amount awarded in favor of plaintiff or for an amount equal to the excess of the award over and above this answering party's equitable share of the award; and

3. for costs, interest, disbursements and attorneys' fees incurred in this action.

Dated:   Newburgh, New York
         September 21, 2007

```
                            Yours, etc.,

                            TARSHIS, CATANIA, LIBERTH,
                            MAHON & MILLIGRAM, PLLC

                      By:      s/  Joseph A. Catania, Jr.
                            JOSEPH A. CATANIA, JR. (JC 8678)
                            Attorneys for Defendant
                            One Corwin Court
                            P.O. Box 1479
                            Newburgh, New York 12550
                            Tel. No. (845) 565-1100


TO:   CHRISTOPHER D. WATKINS, ESQ. (CW 2240)
      SUSSMAN & WATKINS
      Attorneys for Plaintiff
      40 Park Place – P.O. Box 1005
      Goshen, New York  10924
      Tel. No. (845) 294-3991
```